UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-24805-MARTINEZ/REID

JORGE LUIS GONZALEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security
Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
MOTION FOR ATTORNEY'S FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This cause is before the Court on Jorge Luis Gonzalez's ("Plaintiff") Motion for Attorney's Fees Under the Equal Access to Justice Act (the "Motion") against Defendant Commissioner of Social Security ("Commissioner"). [EFC No. 42]. The Motion was referred to the Undersigned by the Honorable Jose E. Martinez for a report and recommendation. [ECF No. 2]. Having reviewed Plaintiff's Motion, the Commissioner's Response in Opposition ("Response"), and Plaintiff's Reply in Support of the Motion ("Reply"), [ECF Nos. 42, 43, 44], the Court **RECOMMENDS** that the Motion be **GRANTED, in part, and DENIED, in part.**

**BACKGROUND**

On November 22, 2020, Plaintiff filed the Complaint in this case seeking judicial review under § 405(g) of the Social Security Act ("Act") of the Commissioner's final decision denying Plaintiff's disability benefits. [ECF. No. 1]. The Commissioner filed an answer along with a 679-page Transcript of the filings before the Administrative Law Judge (the "ALJ"). [ECF No. 18].

1

On December 2, 2022, Plaintiff moved for summary judgment and filed a statement of material facts. [ECF Nos. 22, 23]. By March 18, 2022, the Commissioner also moved for summary judgment and filed a response in opposition to Plaintiff's summary judgment motion. [ECF Nos. 26, 28]. The Undersigned entered a Report and Recommendation recommending that Plaintiff's summary judgment motion be denied, the Commissioner's granted, and the ALJ decision affirmed. [ECF No. 30]. Plaintiff filed objections to the Report and Recommendation, however, the district judge affirmed and adopted the Report and Recommendation and entered final judgment in favor of the Commissioner. [ECF Nos. 33, 34].

On October 4, 2022, Plaintiff filed a notice of appeal to the Eleventh Circuit Court of Appeals. [ECF No. 36]. After briefing by Plaintiff, the Commissioner filed an unopposed motion to remand and to stay the briefing schedule which was granted by the Eleventh Circuit. [ECF No. 41]. On February 22, 2023, the Eleventh Circuit remanded the case with instructions to the district court to enter judgment and remand the case to the Commissioner to conduct further proceedings. [ECF Nos. 36, 41]. Lastly, final judgment was entered on April 26, 2023, in Plaintiff's favor, reversing the Commissioner's decision and remanding for further administrative procedures. [ECF No. 45].

Plaintiff has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").

## **LEGAL FRAMEWORK**

"Following entry of a favorable judgment in a Social Security case, a prevailing party may obtain attorney's fees under the [Equal Access to Justice Act]." *Fitzgibbon v. Comm'r of Soc. Sec.*, No. 8:15-cv-706-T-JSS, 2016 WL 6084011, at *1 (M.D. Fla. Oct. 18, 2016). More

specifically, for a party to recover attorney's fees under the EAJA, the following prerequisites must be met:

> (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust.

*Lopez v. Kijakazi*, No. 21-cv-23765, 2022 WL 18108509, at *2 (S.D. Fla. Dec. 20, 2022) (citing 28 U.S.C.S. § 2412(d)).

In a Social Security case for EAJA purposes, a party who obtains a fourth sentence remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). Additionally, "[a]n EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Lopez*, 2022 WL 18108509, at *2 (quoting *Delaney v. Berryhill*, No. 17-81332-Civ-Bran, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)). Moreover, "[a]n EAJA motion must allege that the Commissioner's position was not substantially justified, [] and, if alleged, the Commissioner bears the burden to show that it was." *Johnson v. Kijakazi*, No. 22-81926-CIV-MATTHEWMAN, 2023 WL 4972924, at *1 (S.D. Fla. May 23, 2023) (internal citations omitted); *see Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 890–91 (11th Cir. 2007) ("Once a plaintiff demonstrates eligibility under the EAJA, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust.").

## **DISCUSSION**

### I.    Entitlement to EAJA Award

In this case, Plaintiff is the prevailing party because the Court ordered a sentence four remand. [EFC Nos. 41, 45]. Further, Plaintiff's motion was filed within 90 days from the Court's

entry of the judgment in Plaintiff's favor; thus, the motion was timely filed. [EFC No. 42]. When the case was filed, Plaintiff alleged that his net worth was less than $2 million, as demonstrated by his motion to proceed *in forma pauperis*. [EFC No. 4]. Lastly, Plaintiff asserts that the Commissioner's position was not substantially justified [EFC No. 42 at 12–14].

Although the Commissioner argued in the district court that the ALJ's RFC findings were supported by the record, presently the Commissioner does not challenge Plaintiff's conclusion that the position was not substantially justified and that special circumstances do not apply to this case. [EFC No. 43]. After reviewing Plaintiff's appellate brief, in the Motion for Remand and to Stay the Briefing Schedule, the Commissioner asserted only that a remand was "necessary" and that "[u]pon remand, the Appeals Council will instruct the ALJ to give Claimant an opportunity for a hearing; obtain supplemental vocational expert evidence regarding Claimant's ability to perform his past relevant work or other work in the national economy; and issue a new decision." Eleventh Circuit Court of Appeals, Case No. 22-13360, DE 17 at 4–5.

Therefore, the Court finds all conditions have been met and Plaintiff is entitled to an award of fees under the EAJA. *See Delaney*, 2018 WL 7820219, at *2 (finding Plaintiff was entitled to EAJA award when all prerequisites were met).

II.     **Reasonableness of Attorneys' Fees**

Plaintiff seeks $33,811.78 for 146.8 hours of work performed. [EFC No. 42]. More specifically, Plaintiff requests an award of fees for 85.8 hours performed by Attorney Joseph Teplicki over the course of the district court litigation, review of the appellate litigation, and preparation of this motion. [*Id.* at 3–7]. Next, Plaintiff requests an attorney's fees award for a total of 45 hours for work performed by appellate attorney Katherine O. Palacios-Moreno. [EFC No. 42 at 9–10]. Lastly, Plaintiff also requests fees for an additional 16 hours for work

performed by Mr. Teplicki in relation to the reply to the Commissioner's objection to the EAJA fee motion. [EFC Nos. 44 at 10, 44-1]. Because the case spanned three years, Plaintiff requests an hourly rate of $207.78 for work performed in 2020 and $234.95 for work performed in 2022 and 2023. [ECF No. 42 at 2].

The Commissioner argues that Plaintiff's requested hours are excessive and asks this Court to reduce the number of hours sought to a total of 69.6 and award Plaintiff $16,352.52 in attorney's fees. [ECF No. 43]. The Commissioner cites a number of cases in which other courts have concluded that a typical social security case should require 20 to 40 hours of attorney time or 15 to 30 hours and states that the claims here were not novel or complex. The cited cases, while helpful, do not appear to be identical to this case in which the issues were reviewed at the district court level and then by an appellate court prior to an order of remand to the ALJ. The Commissioner acknowledges, however, that the administrative transcript here was 683 pages and approximately 250 pages were medical evidence. Based upon general information regarding hours spent in other disability cases, the Commissioner contends attorney hours on the district court case should be 35 hours rather than 81.2, appellate court hours should be 33 rather than 42.1, and hours spent to prepare the EAJA fee application should be 1.6 rather than 7. [*Id.*]. Finally, the Commissioner does not contest that Plaintiff's requested hourly rate of $234.95 is reasonable for the entire three-year life span of the case, if the district court hours are reduced to 35 hours. [*Id.* at 5].

The only matter in dispute is whether the number of hours Plaintiff's counsel expended was reasonable for the case. The burden rests on the plaintiff to submit a request for fees that will enable the court to determine whether the time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application

5

must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC,* No. 1:17-CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Nonetheless, "[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents." *Norman*, 836 F.2d at 1301.

Here, Plaintiff has submitted records describing the tasks rendered in the case. [ECF No. 42 at 4-10]. After carefully scrutinizing the entries, the Undersigned finds some excessive hourly charges. First, Attorney Teplicki represented Plaintiff in the administrative proceedings and prepared Plaintiff's brief to the Appeals Council. [ECF No. 19 at 6-8, 26]. The Court in *Sensat v. Berryhill*, No. 15-24727-CIV-SIMONTON, 2018 WL 5257143, at *4, (S. D. Fla. Oct. 22, 2018), noted a similar point, and after observing the similarities between the brief at the administrative

6

level, the motion for summary judgment and the response to Defendant's motion for summary judgment in the district court case, cut the plaintiff's hours by 55 percent across the board.

Similarly, in this instance, despite the prior representation and counsel's expertise in Social Security law, counsel spent 34.3 hours preparing the complaint, motion to proceed *in forma pauperis*, and the motion for summary judgment, and an additional 30 hours to prepare a response to Defendant's motion for summary judgment. Counsel raised the same arguments in his Complaint and Motion for Summary Judgment in the district court that were raised in the administrative case. As further example, of the 6.6 hours preparing the Complaint, preparing summonses, conferring with the client to gather information for the *in forma pauperis* form and accompanying order, only half of those hours appear reasonable in light of counsel's representation of the plaintiff in the administrative case. Attorney Teplicki also billed .1 for various matters such as reviewing an order granting Defendant's Unopposed Motion for Enlargement of Time.

The Court believes that the time incurred by Attorney Teplicki to perform legal services in this case is excessive. For the reasons stated, a 50 percent cut in the time spent on the initial pleadings, the motion for summary judgment and the response to the Commissioner's motion for summary judgment is appropriate. Rather than 64 hours, the hours should be reduced to 32. Next, counsel incurred 1.1 hours reviewing routine court orders in the district court and appellate court cases such as his co-counsel's appearance in the appellate case and billed for downloading documents he had filed with the court to confirm the documents were filed correctly. These functions are clerical tasks that are not compensable in attorney's fee awards. *Id.* ("[B]illing entries that *only* involve filing documents and downloading and saving documents are solely clerical, and do not constitute attorney work that is compensable as part of an attorney's fee

award."). Counsel reasonably billed another 16.5 hours reviewing and preparing objections to the magistrate judge decision, the Commissioner's response, and the district judge decision, and communicating with appellate counsel, reviewing appellate counsel's brief, and reviewing the appellate decision. Attorney Teplicki's 2.9 hours for preparing the initial EAJA fee application appear to be reasonable.

With respect to Appellate Counsel Palacios-Moreno who did not have the advantage of previously representing Plaintiff, her extensive review of the administrative record, and the district court case and preparing a successful appellate brief reasonably required the 34 hours spent on those tasks. Appellate Counsel, however, also billed .1 for various form orders in the appellate case and 1.2 hours for preparing her appearance of counsel, civil appeal statement, certificate of interested persons and corporate disclosure statement, and a web-based certificate of interested persons, and 4.1 hours preparing the initial EAJA Fee Petition. These additional 11 hours spent, however, preparing the EAJA fee application, appearance of counsel documents, and reviewing routine appellate court orders should be reduced by approximately one-half to 5 hours.

Finally, Attorney Teplicki requests 16 additional hours for preparing a response to the Commissioner's objection to the fee application. While counsel reasonably spent time reviewing the cases cited by Commissioner before drafting a thorough response, the task would not reasonably require more than half that amount or 8 hours work.

For the reasons stated, Attorney Teplicki's total hours should be 48.5 hours on the district and appellate court phases of the case plus 2.9 hours for the preparation of the initial EAJA fee application and 8 hours to respond to the Commissioner's objections to the EAJA fee application. Attorney Palacio-Moreno's total hours should be 39. As the Commissioner has

agreed that the hourly rate should reasonably be $234.95 for the three-year life span of the case, and the vast majority of the work was performed in 2022 and 2023 at the $234.95 hourly rate, the Court will apply that rate to the reduced fee award. Plaintiff should be awarded a total of $13,956.03 for Attorney Teplicki's services and $9,163.10 for Attorney Palacios-Moreno's services.

## **CONCLUSION**

For the foregoing reasons it is **RECOMMENDED** that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [EFC No. 42] be **GRANTED in part**, and **DENIED, in part**, and Defendant is directed to transmit to lead counsel for Plaintiff, Joseph Teplicki, a check in the amount of $25,116.16, payable to counsel, provided that Plaintiff does not owe any federal debt.[1]

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 29th day of December, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has assigned payment to lead counsel. The Commissioner has not objected to Plaintiff's request that payment be made directly to counsel. Accordingly, the Undersigned concludes that the Commissioner has waived the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727. *See Sensat*, 2018 WL 5257143, at * 7 n.14.

cc:  **U.S. District Judge Jose E. Martinez**; **and**
**All Counsel of Record**